Melinda Morton (Bar No. 209373)
E-mail:  mindy.morton@procopio.com
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
3000 El Camino Real
Suite 400
Palo Alto, CA 94306
Telephone:  650.687.9020
Facsimile: 650.687.8320

Jacob Poorman (Bar No. 262261)
E-mail:  Jacob.poorman@procopio.com
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
525 B Street
Suite 2200
San Diego, CA 92101
Telephone:  619.525.3811
Facsimile: 619.788.5511

Benjamin Herbert (Bar No. 277356)
E-mail:  benjamin.herbert@procopio.com
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
200 Spectrum Center Drive
Suite 1650
Irvine, CA 92618
Telephone:  949.247.7302
Facsimile: 619.235.0398

Attorney for Plaintiffs
Zest IP Holdings, LLC, and
Zest Anchors, LLC

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ZEST IP HOLDINGS, LLC, and ZEST ANCHORS, LLC,<br><br>                Plaintiffs,<br><br>v.<br><br>PREAT CORPORATION,<br><br>                Defendant. | Case No. **'26 CV 1467 GPC MMP**<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs Zest IP Holdings, LLC and Zest Anchors, LLC, (collectively "Zest"), by and through their undersigned counsel, allege as follows:

## INTRODUCTION

1.    Zest seeks injunctive and monetary relief from Defendant Preat Corporation ("Preat") for trademark infringement, trade dress infringement, false designation of origin, and unfair competition under U.S. federal and state law with regard to Zest's trademark and trade dress rights associated its LOCATOR® product suite.

2.    Since at least September 1999, Zest has used its distinctive, registered LOCATOR® mark to identify and distinguish its LOCATOR® product suite in the field of removable overdentures.  Today, the LOCATOR® mark is synonymous with Zest's time-tested, high quality overdenture products.

3.    Since at least December 2001, Zest has used its distinctive trade dress, including sets of bright insert colors, which correspond to Zest-selected increments of overdenture retention strength, to identify and distinguish its LOCATOR® product suite in the field of removable overdentures.  Over time, the LOCATOR® product suite's trade dress, alone and in combination, has acquired widespread secondary meaning in the dental industry.  Today, the LOCATOR® product suite, defined, in part, by its distinctive insert colors and uniquely-shaped gold abutments, is synonymous with Zest's time-tested, high quality overdenture products.

4.    Since at least November 1996, Preat acted as an authorized distributor of Zest's products, pursuant to numerous agreements.  During this period, Preat and Zest maintained an amicable and mutually beneficial relationship.  By November 2025, however, it became apparent to Zest that Preat had been hiding its development of competitive products that infringe Zest' intellectual property, including its trademarks and trade dress.  Indeed, Preat informed Zest of its termination of the operative distribution agreement on November 10, 2025, coinciding with Preat's launch of its infringing, competitive products the next day.

5.    On information and belief, Preat's business, today, has morphed into developing, manufacturing, and distributing knock-off dental parts.  Relevant here, are Preat's new products marketed under the "PreatLoc" name.  Preat has chosen to incorporate the leading and dominant portion of Zest's LOCATOR® trademarks in its product name, using "LOC" to draw similarity to Zest's well-known and distinctive LOCATOR® trademarks.  The "PreatLoc" products also copy all the key graphical and artistic features of the LOCATOR® product suite's trade dress.  Among other things, Preat has chosen—out of all of the colors in the universe—to promote and sell a competing overdenture product suite featuring inserts that are the same colors as Zest's clear, pink, blue, red, orange, and green insert colors, with each color purporting to signify the same retention strength as Zest.  Preat not only offers what appear to be clones of Zest's colored inserts, it also markets and sells these inserts to customers in combinations that match the combinations in which Zest markets and sells its products.  Preat also copied Zest's gold dental abutments—metal studs to which the colorful inserts attach—which have a unique shape and appearance, as well as the anodized pink denture cap of Zest's LOCATOR R-Tx product.

6.    By deliberately exploiting Zest's well-established LOCATOR® brand, Preat has committed, and continues to commit, trademark infringement, trade dress infringement, false designation of origin, unfair competition in violation of Sections 32(1), 43(a) and 43(c) of the Trademark Act of 1946, 60 Stat. 427 as amended (the "Lanham Act"), 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c); California Business and Professions Code §§ 14247 and 17200; and California common law.

## THE PARTIES

7.    Plaintiff Zest Anchors, LLC ("Zest Anchors") is a limited liability company organized under the laws of Delaware, having its principal place of business at 2875 Loker Avenue East, Carlsbad, California 92010.  Zest Anchors does business under the name Zest Dental Solutions.

8.     Plaintiff Zest IP Holdings, LLC ("Zest IP Holdings") is a limited liability company organized under the laws of Delaware with its principal place of business at 2875 Loker Avenue East, Carlsbad, California 92010.  Zest IP Holdings owns Zest's trademarks.

9.     Plaintiffs are informed and believe, and thereon allege that Defendant Preat was, and is, a corporation organized under the laws of Delaware with its principal place of business at 2625 Skyway Drive, Suite B, Santa Maria, California 93455.  On information and belief, Preat manufactures and sells all PreatLoc products, including the products at issue here.

## JURISDICTION AND VENUE

10.     This action for trademark infringement, trade dress infringement, unfair competition, false designation of origin, and trademark dilution is brought under the Trademark Act of 1946, 60 Stat. 427 (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and the common and statutory laws of California.

11.     This Court has subject matter jurisdiction over the federal claims asserted in this action under 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331 and 1338 as these claims arise under the laws of the United States.  This Court has supplemental jurisdiction over Zest's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12.     The Court has personal jurisdiction over Preat, because Preat, which is registered with the state of California to do business in the state, engages in a continuous and systematic course of doing business in California through its principal place of business in Santa Maria, California and website, which lists this address on the "contact us" page.  Preat's website allows consumers, including those in the Southern District of California, to purchase PreatLoc products that infringe Zest's intellectual property rights.  Preat does so, despite knowing of Zest's rights and knowing that infringement of those rights will cause particular harm to Zest at its

1    principal place of business in the Southern District of California.  California's long-
2    arm statute gives the Court jurisdiction over Preat, because Zest's claims arise from
3    Preat causing injury to Zest in California, and because the assertion of jurisdiction is
4    consistent with the constitution of the State of California and the Due Process Clause
5    of the Fourteenth Amendment.

6         13.    Venue is proper in the United States District Court for the Southern
7    District of California pursuant to 28 U.S.C. § 1391(b), in that this is a district in which
8    a substantial part of the events giving rise to the claims has occurred.  Preat is aware
9    that Zest's business is centered in Carlsbad, California in the Southern District of
10   California.  With intent to cause Zest harm in the forum, Preat markets and sells
11   infringing products in the Southern District of California.  Despite Zest's efforts to
12   protect its valuable trademarks and goodwill, Preat continues to infringe its intellectual
13   property rights and to misappropriate Zest's legitimate business by misleading current
14   and prospective Zest customers.

15   **GENERAL ALLEGATIONS**
16   **I. ZEST AND ITS PRODUCTS AND MARKS**

17        14.    Zest is a global leader in the research, development, and manufacturing
18   of dental attachment product suites for securing prosthetic overdentures.  Unlike
19   conventional removable dentures, which sit on an individual's gums and use dental
20   adhesive to stay in place for short periods of time, Zest's overdenture attachment
21   product suite allows patients to secure a removable dental prosthesis—known as an
22   overdenture—in their mouths through a mechanism that keeps the overdenture stable
23   and in place while in use.

24        15.    Zest introduced its original attachment products in 1971, followed by a
25   number of highly successful products, including the LOCATOR® overdenture
26   attachment product suite (the "LOCATOR® Product Suite").

27        16.    Since that time, the LOCATOR® Product Suite has become ubiquitous.
28   It is the leading removable overdenture attachment product suite in the dental industry

worldwide.  The LOCATOR® name, the LOCATOR® Product Suite's trade dress, alone and in combination, have developed significant secondary meaning. Overdentures using Zest's LOCATOR® Product Suite are easy for patients to insert and remove and are designed with customizable levels of retention, a low profile in a patient's mouth, and exceptional durability.  Customers across the United States recognize the LOCATOR® trademarks and LOCATOR® trade dress due to its characteristic name and LOCATOR® insert colors and distinctively shaped gold LOCATOR® abutments, among other features. Customers associate the LOCATOR® Product Suite's unique features with Zest and its longstanding commitment to high quality.

17.    The LOCATOR® Product Suite is comprised of a number of products: (1) LOCATOR® attachments (dental implants, bars, or root attachments); (2) LOCATOR® abutments; (3) LOCATOR® inserts; (4) LOCATOR® denture housings; and (5) a prosthesis (an overdenture or, colloquially, a denture).  The arrangement of these products is shown below:



18.    A LOCATOR® attachment—either an implant, a bar, or a root attachment—is inserted into a patient's mouth.  An abutment is then fixed to the top of the attachment.  LOCATOR® inserts snap onto the top of the abutment and remain in constant contact with the abutment.  These inserts are key to keeping the dental

prosthesis in place, as they control retention.  A housing is then placed on top of the insert and ultimately connects with sockets in the prosthesis to secure the overdenture in place.  Within only a few minutes, a dentist can perform maintenance on the LOCATOR® Product Suite by unsnapping LOCATOR® inserts from their abutments and replacing them.

19.    Zest sells its products through a variety of distribution channels.  It contracts with distributors worldwide that, in turn, sell the authentic LOCATOR® Product Suite to clinicians, oral surgeons, dental laboratories, dentists, and other third parties.  Zest also markets and sells a large portion of its products directly via its website.

## A.    Zest's LOCATOR Trademarks

20.    Zest, through its affiliate Zest IP Holdings, owns and uses (by itself and through its affiliates and licensees) a number of trademarks that consist of and incorporate the LOCATOR® trademarks in the United States and throughout the world during the manufacture, marketing, distribution, and sale of its LOCATOR® Product Suite, including United States Trademark Registration Nos. 2,559,602; 5,101,790; 5,101,791; and 6,951,307 (the "LOCATOR® Trademarks").

21.    For example, the LOCATOR registration was filed on October 8, 1991, and registered on the principal register on April 9, 2002.  Zest owns the registration for LOCATOR in connection with dental implants and attachments.

## B.    Zest's Distinctive Trade Dress

22.    Zest manufactures, markets, distributes, and sells its LOCATOR® Product Suite with distinctive and recognizable trade dress.

23.    The LOCATOR® Trade Dress has three primary elements: the gold LOCATOR® abutment, the tri-lobe drive mechanism design of the gold LOCATOR® abutment, and the two sets of color-coded LOCATOR® inserts.



24.    In addition, the LOCATOR® Trade Dress also includes an anodized pink denture cap for the LOCATOR® R-Tx products.



25.    Zest's distinctively shaped gold LOCATOR® abutments receive Zest's LOCATOR® inserts.  Zest achieves the well-known gold color of these abutments by combining a titanium nitride coating with pigments chosen arbitrarily to identify the abutments.  At the top of its gold LOCATOR® abutments, Zest creates a depression in the shape of a rounded triangle—the tri-lobe drive mechanism design—into which LOCATOR® inserts fit.  The tri-lobe drive mechanism design, which is unique to Zest's products, is not necessary for an abutment to receive an insert.  Zest has chosen the shape to identify its abutments.



26. Zest sells its LOCATOR® dental inserts, which snap into the gold LOCATOR® abutments with the tri-lobe drive mechanism design, in a variety of standard retention strengths: extra light, light, and regular strengths. Zest also offers a pack of extended range inserts in a similar sequence of strengths. Zest uses two decorative colors sets—clear, pink, and blue for the standard range and red, orange, and green for the extended range—to differentiate among these inserts (the "Zest Insert Color Sets").



27. For more than 20 years, Zest has been using its signature clear, pink, and blue LOCATOR® insert color set (the "Standard Range Zest Insert Color Set") in connection with its dental inserts and consistently and prominently in its marketing and promotional materials throughout the United States and the world. In particular, Zest has sold and continues to sell a combination product pack consisting of LOCATOR® inserts in the Standard Range Zest Insert Colors. Zest frequently promotes this color set alongside its uniquely shaped gold LOCATOR® abutments.

28. Since at least January 19, 2004, Zest has also sold an extended range combination product pack consisting of LOCATOR® inserts colored red, orange, and

green (the "Extended Range Zest Insert Color Set"). Zest also frequently promotes this color set alongside its uniquely shaped gold LOCATOR® abutments.

29. The colors selected by Zest, including the Zest Insert Color Sets, do not imbue the inserts with any advantage or significance, and they are unnecessary to the functioning of the inserts. Rather, the individual colors and the Zest Insert Color Sets both create a distinctive appearance that allows customers to identify the inserts with Zest and the LOCATOR® Product Suite. There are no industry-accepted color schemes or standards to designate the retention force of an insert, either as an absolute amount or in comparison to other colors of inserts. Zest, as the developer of this scheme, arbitrarily chose its unique collection of colors and the Zest Insert Color Sets over 20 years ago to distinguish its inserts as Zest products in the marketplace.

30. Zest, through its affiliate Zest IP Holdings, owns and uses (by itself and through its affiliates and licensees) a number of trademarks that consist of and incorporate the Zest Insert Colors in the United States and throughout the world during the manufacture, marketing, distribution, and sale of its LOCATOR® Product Suite, including United States Trademark Registration Nos. 4,622,637; 4,622,638; 4,622,639; 4,618,874; 4,618,875; and 4,618,876.

31. Through decades of consistent use in the United States, as a cornerstone of Zest's brand identity, the LOCATOR® Trade Dress has acquired significant secondary meaning, both individually and in combination. The LOCATOR® Trade Dress, individually and in combination, has become a nationally and internationally recognized symbol of Zest and its LOCATOR® Product Suite. As such, Zest has accrued significant goodwill as well as rights under the Lanham Act and California law, in the LOCATOR® Trade Dress, individually and in combination.

32. The LOCATOR® Trade Dress, individually and in combination, has also been a unique and prominent source identifier and theme in Zest's advertising since at least as early as December 2001, and Zest has used this trade dress in every major advertising campaign over the years. True and correct copies of examples of Zest's

advertising using the LOCATOR® Trade Dress, individually and in combination, are attached hereto as Exhibits A–B.

33.    For example, Zest's website prominently advertises the LOCATOR® mark in connection with the LOCATOR® Product Suite with its gold color:



If It Isn't ZEST LOCATOR®, It's Not LOCATOR®

34.    As another example, Zest's brochure for the LOCATOR® Product Suite advertises the Standard Range Zest Insert Color Set as well as the Extended Range Zest Insert Color Set. *See* Exhibit A. Each is identified and sold as a separate color set on Zest's website:





35.    Zest also prominently advertises the anodized pink denture cap of Zest's LOCATOR R-Tx product.  *See* Exhibit B.

36.    Zest has used and continues to use the LOCATOR® Trade Dress, individually and in combination, prominently in all forms of its advertising, including on its website, www.zestdent.com, and in online and print brochures.

37.    Zest's distribution partners have also prominently featured the LOCATOR® Trade Dress, individually and in combination, when advertising and promoting the LOCATOR® Product Suite.  Zest's LOCATOR® Product Suite is sold by Zest and a national and international network of distributors, who are authorized to market and sell the LOCATOR® Product Suite pursuant to the terms and conditions of distribution agreements.

38.    For example, Implant Direct advertises for sale on its website both the extended range and standard range, which prominently features the Standard Range Zest Insert Color Set and the Extended Range Zest Insert Color Set.  *See* Exhibits C–D.

39.    As a direct result of the superior quality of the LOCATOR® Product Suite and the considerable time, effort, and money Zest has expended advertising and promoting the LOCATOR® Trade Dress, individually and in combination, it has acquired secondary meaning.  The LOCATOR® Trade Dress, individually and in

combination, is well known and has been distinctive in the United States for nearly two decades.

40.    As marks with secondary meaning, the LOCATOR® Trade Dress, individually and in combination, has become a valuable marketing and business asset of Zest, which signifies to the consuming public a standard of quality originating exclusively from Zest.

## II. PREAT'S INFRINGING ACTIVITIES

41.    Since at least November 1996, Preat acted as an authorized distributor of Zest's products, pursuant to numerous agreements.    Through its website, www.preat.com, Preat markets, offers for sale, and sells its products nationwide to clinicians, oral surgeons, dental laboratories, and dentists, including in the Southern District of California.  As an authorized distributor of Zest's products for more than 20 years, Preat was well aware of Zest's LOCATOR® Trademarks and LOCATOR® Trade Dress.

42.    Preat and Zest maintained an amicable and mutually beneficial relationship until November 2025.  On November 10, 2025, Preat informed Zest of its termination of the distribution agreement.  The next day, November 11, 2025, Preat launched its "PreatLoc" competitive products that infringe Zest's intellectual property, including the LOCATOR® Trademarks as well as the LOCATOR® Trade Dress, individually and in combination.

43.    In the press release introducing the PreatLoc products, Preat touted the products similarity to Zest's LOCATOR® Product Suite: "PreatLoc is compatible with LOCATOR® attachments . . . ."  An image in the press release also used aspects of both the LOCATOR® Trademarks and the LOCATOR® Trade Dress:



44.    Because Preat is prominently advertising its "PreatLoc" product in the press release as "compatible with LOCATOR® attachments" and asserting its "PreatLoc" product delivers "Premium Performance Without the Premium Price"—an assertion made in reference to the price of Zest's LOCATOR® Product Suite—with no attribution given to Zest regarding ownership of the LOCATOR® Trade Marks, Preat is trading on the goodwill Zest has established in its LOCATOR® Product Suite, and capturing market share by blurring the commercial impression of Zest's LOCATOR® Trade Marks with "PreatLoc," thereby creating a false association with Zest and its LOCATOR® Product Suite, and/or suggesting relatedness between the products.

45.    The main page of Preat's website prominently features at its top a different image that uses aspects of both the LOCATOR® Trademarks and the LOCATOR® Trade Dress:



46.    The main page for the "PreatLoc" products on Preat's website similarly features another image that uses aspects of both the LOCATOR® Trademarks and the LOCATOR® Trade Dress and expressly evokes its "Gold" color:



47.    With respect to the LOCATOR® Trademarks, Preat has chosen a confusingly similar name "PreatLoc" that invokes the LOCATOR® name. The name "PreatLoc" incorporates the leading and dominant portion of Zest's LOCATOR®

Trademarks, using "LOC" to draw similarity to Zest's well-known and distinctive LOCATOR® Trademarks.

48.    With respect to the LOCATOR® Trade Dress, Preat intentionally designed the "PreatLoc" products to look like clones of Zest's LOCATOR® Product Suite and—notwithstanding the number of color combinations Preat could have chosen—use the LOCATOR® Trade Dress, individually and in combination. Indeed, the "PreatLoc" products copy all the key graphical and artistic features of Zest's LOCATOR® Trade Dress.  For example, Preat has chosen—out of all of the colors in the universe—to promote and sell a competing overdenture product suite featuring inserts that are the same colors as Zest's clear, pink, blue, red, orange, and green insert colors with each color purporting to signify the same retention strength as Zest:



49.    Preat, moreover, markets and sells its "PreatLoc" inserts to customers in combinations that match the Zest Insert Color Sets:

<u>PreatLoc</u>        <u>Standard Range Zest Insert Color Set</u>







| Extra Light Retention Male 08529 | Light Retention Male 08527 | Regular Retention Male 08524 |
|---|---|---|
| Blue | Pink | Clear |





50.     These same images also demonstrate that Preat copied the other aspects of the LOCATOR® Trade Dress, including the gold color of Zest's dental LOCATOR® abutment, the tri-lobe drive mechanism design of the LOCATOR® abutment, and the anodized pink denture cap of Zest's LOCATOR R-Tx product. The name and design of the "PreatLoc" products constitute an unauthorized, deliberate, and willful attempt to benefit from Zest's commercial success and goodwill, and creates confusion in the market that the "PreatLoc" products are those of Zest.

51.     Preat's color and design choices were no accident. Because of these choices, Preat advertises that there is "[no] new color coding to learn" and "[n]o new tooling required":



52.    The PreatLoc products sold include aspects of both the LOCATOR® Trademarks and the LOCATOR® Trade Dress. *See* Exhibit E.

53.    Preat's adoption and use of "PreatLoc," and nearly identical retention inserts and abutments in its "PreatLoc" product have and will continue to impair the distinctiveness of Zest's LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone and in combination, and damage the goodwill established in the LOCATOR® Product Suite with its LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone and in combination. In addition, this unauthorized adoption and use by Preat diminishes the value of Zest's LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone and in combination, and is likely to deceive consumers as to the source, origin, sponsorship, authorization or approval of the "PreatLoc" products, which are in direct competition with LOCATOR® Product Suite.

54.    Zest has notified Preat that its deliberate copying constitutes infringing use of Zest's intellectual property, including the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone and in combination. Nevertheless, Preat persists in its infringing use. Preat's continued unauthorized use of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone and in combination, will cause increasing confusion, deception, or mistake because consumers are likely to assume that Zest has sponsored, authorized, or approved, or is affiliated with such use.

55.    Zest never authorized Preat to use any of its trademarks or trade dress in connection with the "PreatLoc" products.

56.    Preat's conduct since November 2025 demonstrates that it had been hiding its development of competitive products that infringe Zest' intellectual property and makes clear that Preat's business has morphed into developing, manufacturing, and distributing knock-off dental parts.

## COUNT ONE

### (Trademark Infringement – Lanham Act § 32(1), 15 U.S.C. § 1114(1))

57.    Zest hereby incorporates by reference each and every allegation contained in Paragraphs 1–56 of this Complaint as though set forth fully herein.

58.    Zest is the senior user and exclusive owner of the Registered LOCATOR® Trademarks, United States Trademark Registration Nos. 2,559,602; 5,101,790; 5,101,791; and 6,951,307, including all common law rights therein.  Zest's use of the LOCATOR® Trademarks predates any use by Preat in the United States, as Zest has continually used the LOCATOR® Trademarks in its dental inserts in interstate commerce for at least 20 years.

59.    Without the authorization or consent of Zest, Preat has used and continues to use the LOCATOR® Trademarks, or confusingly similar variations of the same, to market, advertise, promote, sell, or offer dental inserts to the general public, including to consumers in the Southern District of California.  The inserts that Preat uses are actually or nearly identical in name and commercial impression to the LOCATOR® Trademarks.

60.    Preat's unauthorized use of the LOCATOR® Trademarks is likely to cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Preat's products or the approval of those products by Zest.

61.    The foregoing acts constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

62.    Preat, through their correspondence and dealings with Zest, has actual and constructive knowledge of the LOCATOR® Trademarks.

63.    Preat's infringing acts were committed willfully, with full knowledge of Zest's rights, and with the intention of deceiving and misleading the public and causing mistake and competitive harm to Zest.

64.    As a direct and proximate result of Preat's infringing acts, Zest has suffered and will continue to suffer damages in an amount to be determined at trial.

65.     Preat's actions, if not enjoined, will continue.  Zest has suffered and continues to suffer irreparable harm, including diminution in the value of and goodwill associated with the LOCATOR® Trademarks, that cannot be redressed by money damages alone.  Zest is therefore entitled to injunctive relief.

## COUNT TWO

### (Trade Dress Infringement – Lanham Act § § 43(a), 15 U.S.C. § 1125(a))

66.     Zest hereby incorporates by reference each and every allegation contained in Paragraphs 1–56 of this Complaint as though set forth fully herein.

67.     Zest is the senior user and exclusive owner of the Zest Insert Color Sets, including all common law rights therein.   The Zest Insert Color Sets are non-functional.  Zest's use of the Zest Insert Color Sets predates any use by Preat in the United States as Zest has continually used the Zest Insert Color Sets in interstate commerce for at least 20 years.

68.     Without the authorization or consent of Zest, Preat has used and continues to use the Zest Insert Color Sets, or confusingly similar variations of the same, to market, advertise, promote, sell, or offer dental inserts and abutments to the general public, including to consumers in the Southern District of California.  The trade dress that Preat uses are actually or nearly identical in color, arrangement, and commercial impression to the Zest Insert Color Sets.

69.     Preat's unauthorized use of the Zest Insert Color Sets is likely to cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Preat's products or the approval of those products by Zest.

70.     The foregoing acts of Preat constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

71.     Preat, through their correspondence and dealing with Zest, have actual and constructive knowledge of the Zest Insert Color Sets.

72.    Preat's infringing acts were committed willfully, with full knowledge of Zest's rights, and with the intention of deceiving and misleading the public and causing competitive harm to Zest.

73.    As a direct and proximate result of Preat's infringing acts, Zest has suffered and will continue to suffer damages in an amount to be determined at trial.

74.    Preat's actions, if not enjoined, will continue.  Zest has suffered and continues to suffer irreparable harm, including diminution in the value of and goodwill associated with the Zest Insert Color Sets, that cannot be redressed by money damages alone.  Zest is therefore entitled to injunctive relief.

## COUNT THREE

### (Trade Dress Infringement – Lanham Act § § 43(a), 15 U.S.C. § 1125(a))

75.    Zest hereby incorporates by reference each and every allegation contained in Paragraphs 1–56 of this Complaint as though set forth fully herein.

76.    Zest is the senior user and exclusive owner of the LOCATOR® Trade Dress, including the Registered Zest Insert Colors—United States Trademark Registration Nos. 4,622,637; 4,622,638; 4,622,639; 4,618,874; 4,618,875; and 4,618,876—and all common law rights therein.  The LOCATOR® Trade Dress is non-functional.  Zest's use of the LOCATOR® Trade Dress, alone or in combination, predates any use by Preat in the United States as Zest has continually used the LOCATOR® Trade Dress, alone or in combination, in interstate commerce for at least 20 years.

77.    Without the authorization or consent of Zest, Preat has used and continues to use the LOCATOR® Trade Dress, alone or in combination, or confusingly similar variations of the same, to market, advertise, promote, sell, or offer dental inserts and abutments to the general public, including to consumers in the Southern District of California.  The trade dress that Preat uses are actually or nearly identical in color, arrangement, and commercial impression to the LOCATOR® Trade Dress, alone or in combination.

78.    Preat's unauthorized use of the LOCATOR® Trade Dress, alone or in combination, is likely to cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Preat's products or the approval of those products by Zest.

79.    The foregoing acts of Preat constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.    Preat, through their correspondence and dealing with Zest, have actual and constructive knowledge of the LOCATOR® Trade Dress, alone and in combination.

81.    Preat's infringing acts were committed willfully, with full knowledge of Zest's rights, and with the intention of deceiving and misleading the public and causing competitive harm to Zest.

82.    As a direct and proximate result of Preat's infringing acts, Zest has suffered and will continue to suffer damages in an amount to be determined at trial.

83.    Preat's actions, if not enjoined, will continue.  Zest has suffered and continues to suffer irreparable harm, including diminution in the value of and goodwill associated with the LOCATOR® Trade Dress, alone or in combination, that cannot be redressed by money damages alone.  Zest is therefore entitled to injunctive relief.

## **COUNT FOUR**

### **(False Designation of Origin – Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

84.    Zest hereby incorporates by reference each and every allegation contained in Paragraphs 1–56 of this Complaint as though set forth fully herein.

85.    Zest is the senior user and exclusive owner of the Registered LOCATOR® Trademarks, United States Trademark Registration Nos. 2,559,602; 5,101,790; 5,101,791; and 6,951,307, including all common law rights therein.  Zest's use of the LOCATOR® Trademarks predates any use by Preat in the United States, as Zest has continually used the LOCATOR® Trademarks in its dental inserts in interstate commerce for at least 20 years

86.    Without the authorization or consent of Zest, Preat has used and continues to use the LOCATOR® Trademarks, or confusingly similar variations of the same, to market, advertise, promote, sell, or offer dental inserts to the general public, including to consumers in the Southern District of California.  The inserts that Preat uses are actually or nearly identical in name and commercial impression to the LOCATOR® Trademarks.

87.    Preat's unauthorized use of the LOCATOR® Trademarks is likely to cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Preat's products or the approval of those products by Zest.

88.    The foregoing acts of Preat constitute false designation of origin, and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

89.    Preat through their correspondence and dealing with Zest, have actual and constructive knowledge of the LOCATOR® Trademarks.

90.    Preat's infringing acts were committed willfully, with full knowledge of Zest's rights, and with the intention of deceiving and misleading the public and causing competitive harm to Zest.

91.    As a direct and proximate result of Preat's infringing acts, Zest has suffered and will continue to suffer damages in an amount to be determined at trial.

92.    Preat's actions, if not enjoined, will continue.  Zest has suffered and continues to suffer irreparable harm, including diminution in the value of and goodwill associated with the LOCATOR® Trademarks, that cannot be redressed by money damages alone.  Zest is therefore entitled to injunctive relief.

## COUNT FIVE

### (False Designation of Origin – Lanham Act § 43(a), 15 U.S.C. § 1125(a))

93.    Zest hereby incorporates by reference each and every allegation contained in Paragraphs 1–56 of this Complaint as though set forth fully herein.

94.    Zest is the senior user and exclusive owner of the Zest Insert Color Sets, including all common law rights therein.  Zest's use of the Zest Insert Color Sets predates any use by Preat in the United States as Zest has continually used the Zest Insert Color Sets in interstate commerce for at least 20 years.

95.    Without the authorization or consent of Zest, Preat has used and continues to use the Zest Insert Color Marks, or confusingly similar variations of the same, to market, advertise, promote, sell, or offer dental inserts to the general public, including to consumers in the Southern District of California.  The inserts that Preat uses are actually or nearly identical in color, arrangement, and commercial impression to the Zest Insert Color Marks.

96.    Preat's unauthorized use of the Zest Insert Color Marks is likely to cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Preat's products or the approval of those products by Zest.

97.    The foregoing acts of Preat constitute false designation of origin, and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

98.    Preat through their correspondence and dealing with Zest, have actual and constructive knowledge of the Zest Insert Color Marks.

99.    Preat's infringing acts were committed willfully, with full knowledge of Zest's rights, and with the intention of deceiving and misleading the public and causing competitive harm to Zest.

100.    As a direct and proximate result of Preat's infringing acts, Zest has suffered and will continue to suffer damages in an amount to be determined at trial.

101.    Preat's actions, if not enjoined, will continue.  Zest has suffered and continues to suffer irreparable harm, including diminution in the value of and goodwill associated with the Zest Insert Color Marks, that cannot be redressed by money damages alone.  Zest is therefore entitled to injunctive relief.

## COUNT SIX

### (False Designation of Origin – Lanham Act § 43(a), 15 U.S.C. § 1125(a))

102.   Zest hereby incorporates by reference each and every allegation contained in Paragraphs 1–56 of this Complaint as though set forth fully herein.

103.   Zest is the senior user and exclusive owner of the LOCATOR® Trade Dress, including the Registered Zest Insert Colors—United States Trademark Registration Nos. 4,622,637; 4,622,638; 4,622,639; 4,618,874; 4,618,875; and 4,618,876—and all common law rights therein.  Zest's use of the LOCATOR® Trade Dress, alone or in combination, predates any use by Preat in the United States as Zest has continually used the LOCATOR® Trade Dress, alone or in combination, in interstate commerce for at least 20 years.

104.   Without the authorization or consent of Zest, Preat has used and continues to use the LOCATOR® Trade Dress, alone or in combination, or confusingly similar variations of the same, to market, advertise, promote, sell, or offer dental inserts to the general public, including to consumers in the Southern District of California.  The inserts that Preat uses are actually or nearly identical in color, arrangement, and commercial impression to the LOCATOR® Trade Dress, alone or in combination.

105.   Preat's unauthorized use of the LOCATOR® Trade Dress, alone or in combination, is likely to cause confusion, mistake, or deception among consumers or potential consumers as to the source or origin of Preat's products or the approval of those products by Zest.

106.   The foregoing acts of Preat constitute false designation of origin, and false and misleading descriptions and representations in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

107.   Preat through their correspondence and dealing with Zest, have actual and constructive knowledge of the LOCATOR® Trade Dress, alone and in combination.

108.    Preat's infringing acts were committed willfully, with full knowledge of Zest's rights, and with the intention of deceiving and misleading the public and causing competitive harm to Zest.

109.    As a direct and proximate result of Preat's infringing acts, Zest has suffered and will continue to suffer damages in an amount to be determined at trial.

110.    Preat's actions, if not enjoined, will continue.  Zest has suffered and continues to suffer irreparable harm, including diminution in the value of and goodwill associated with the LOCATOR® Trade Dress, alone or in combination, that cannot be redressed by money damages alone.  Zest is therefore entitled to injunctive relief.

## COUNT SEVEN

### (California Unfair Competition – Cal. Bus. & Prof. Code § 17200 et seq.)

111.    Zest hereby incorporates by reference each and every allegation contained in Paragraphs 1–110 of this Complaint as though set forth fully herein.

112.    Zest is the senior user and exclusive owner of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, including all common law rights therein.  Zest's use of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, predates any use by Preat in the United States as Zest has continually used the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, in its dental inserts and abutments in interstate commerce for at least 20 years.

113.    Without the authorization or consent of Zest, Preat has used and continues to use the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, or confusingly similar variations of the same, to market, advertise, promote, sell, or offer dental inserts to the general public, including to consumers in the Southern District of California.  The inserts and abutments that Preat uses are actually or nearly identical in color, arrangement, and commercial impression to the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination.

114.    Preat's actions constitute unlawful and unfair business practices.

115. Through their actions, including their unauthorized use of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, Preat, in violation of California Business and Professions Code § 17200, has misappropriated Zest's business and created a likelihood of confusion for prospective purchasers of the LOCATOR® Product Suite.

116. Zest has suffered and will continue to suffer economic damage from Preat's unfair business acts or practices. Zest is entitled to compensation for this damage in an amount to be determined at trial.

117. Preat's actions, if not enjoined, will continue. Zest has suffered and continues to suffer irreparable harm, including diminution in the value of and goodwill associated with the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone and in combination, that cannot be redressed by money damages alone. Zest is therefore entitled to injunctive relief.

## COUNT EIGHT

### (Common Law Trademark Infringement)

118. Zest hereby incorporates by reference each and every allegation contained in Paragraphs 1–56 of this Complaint as though set forth fully herein.

119. Zest is the senior user and exclusive owner of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, including all common law rights therein. Zest's use of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, predates any use by Preat in the United States as Zest has continually used the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, in its dental inserts and abutments in interstate commerce for at least 20 years.

120. Without the authorization or consent of Zest, Preat has used and continues to use the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, or confusingly similar variations of the same, to market, advertise, promote, sell, or offer dental inserts to the general public, including to consumers in

the Southern District of California.  The inserts that Preat uses are actually or nearly identical in color, arrangement, and commercial impression to the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination.

121.   Preat, through their correspondence and dealing with Zest, have actual and constructive knowledge of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone and in combination.

122.   Preat's use of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, is likely to cause confusion or mistake, or to deceive ordinary consumers as to the source, sponsorship, affiliation, or approval of Preat's products, or to cause confusion, deception or mistake as to any affiliation, connection or association between Zest and Preat, in violation of California common law.

123.   Preat's unauthorized use of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, in commerce to market, advertise, promote, sell, or offer its inserts throughout the United States, including within the Southern District of California, constitutes trademark and trade dress infringement in violation of California law.

124.   As a direct and proximate result of Preat's infringing use, Zest has been and will continue to be damaged by, without limitation, the diminution in value of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone and in combination, its reputation, its business, and its goodwill.

125.   Preat's actions, if not enjoined, will continue.  Zest has suffered and continues to suffer irreparable harm, including diminution in the value of and goodwill associated with the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, that cannot be redressed by money damages alone.  Zest is therefore entitled to injunctive relief.

126.   Because Preat used the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, willfully, or in bad faith, and its actions were

oppressive, fraudulent, or malicious, Zest is entitled to an award of punitive damages in an amount to be determined at trial.

## COUNT NINE

### (Common Law Unfair Competition)

127. Zest hereby incorporates by reference each and every allegation contained in Paragraphs 1–126 of this Complaint as though set forth fully herein.

128. Zest is the senior user and exclusive owner of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, including all common law rights therein. Zest's use of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, predates any use by Preat in the United States as Zest has continually used the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, in its dental inserts and abutments in interstate commerce for at least 20 years.

129. The public relies upon the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, to identify and distinguish Zest's high-quality inserts. Zest has made significant investments to ensure that the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, serve this purpose.

130. Without the authorization or consent of Zest, Preat has used and continues to use the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, or confusingly similar variations of the same, to market, advertise, promote, sell, or offer dental inserts to the general public, including to consumers in the Southern District of California. The inserts and abutments that Preat uses are actually or nearly identical in color, arrangement, and commercial impression to the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination.

131. Preat's unauthorized use of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, is likely to confuse purchasers who wish to buy the LOCATOR® Product Suite.

132.    Preat, through their correspondence and dealing with Zest, has actual and constructive knowledge of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone and in combination.

133.    Preat intends by their use of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, to misappropriate Zest's business by deceiving consumers as to the origin of their dental implant and attachment inserts.

134.    As an actual and proximate result of Preat's passing off of their goods as Zest's, Zest has suffered and will continue to suffer damage to its business, reputation, and goodwill.

135.    In addition to its damages, unless Preat is enjoined, Zest will continue to suffer irreparable harm to its business, reputation, and goodwill that cannot be adequately redressed by money damages alone.

136.    Because Preat used the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone or in combination, intentionally, willfully, or in bad faith, and its actions were oppressive, fraudulent, or malicious, Zest is entitled to an award of punitive damages in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Zest hereby demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Zest respectfully requests that this Court enter an order of judgment granting all relief requested in this Complaint, as allowed at law or in equity, including:

    a.  That Preat's unauthorized use of the LOCATOR® Trademarks infringes Zest's trademarks and constitutes false designation of origin under Lanham Act, and unfair competition under the California Business and Professions Code § 17200 *et seq.*;

    b.  That Preat's unauthorized use of the Zest Insert Color Sets infringes Zest's trade dress and constitutes false designation of origin under the

Lanham Act, and unfair competition under the California Business and Professions Code § 17200 *et seq*.;

c.  That Preat's unauthorized use of the LOCATOR® Trade Dress, alone and in combination, infringes Zest's trade dress and constitutes false designation of origin under the Lanham Act, and unfair competition under the California Business and Professions Code § 17200 *et seq*.;

d.  That Preat's unauthorized use of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone and in combination, constitutes trademark and trade dress infringement under the common law of California;

e.  That Preat's unauthorized use of the LOCATOR® Trademarks and the LOCATOR® Trade Dress, alone and in combination, constitutes unfair competition under the common law of California;

f.  That Preat's infringement of the LOCATOR® Trademarks and LOCATOR® Trade Dress, alone and in combination, was knowing, willful, and intentional;

g.  An injunction against Preat, its affiliates, and its respective successors, officers, agents, and employees, and anyone acting in active concert or participation with or at the behest or direction of any of them, from:

i.  using (including, but not limited to, in connection with the promotion, marketing, advertising, and sale of products or services) the LOCATOR® Trademarks and LOCATOR® Trade Dress, alone or in combination, or any trade dress or trademarks that are a colorable imitation thereof, or are dilutive thereof or confusingly similar thereto;

ii.  importing into the United States any dental inserts using the LOCATOR® Trademarks and LOCATOR® Trade Dress, alone or in combination, or any trade dress or trademarks that are a

colorable imitation thereof, or are dilutive thereof or confusingly similar thereto;

h. Ordering that all signage, advertisements, labels, prints, packages, wrappers and products in the possession or control of Preat bearing the LOCATOR® Trademarks and LOCATOR® Trade Dress, alone or in combination, or any colorable imitation thereof, be destroyed, and that the foregoing be removed from all Internet web sites, social and mobile media properties, online advertising, marketing, promotions or other online, social or mobile media or other digital materials, pursuant to 15 U.S.C. § 1118;

i. Ordering Preat, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve on Zest's counsel within 30 days after service of the above-requested injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Preat has complied with the injunction;

j. Awarding Zest compensation for any and all damages, injury, or harm pursuant to 15 U.S.C. § 1117 and California law;

k. Ordering full restitution and/or disgorgement of all profits and benefits that may have been obtained by Preat as a result of its wrongful conduct pursuant to 15 U.S.C. § 1117 and directing an accounting to determine the above profits and benefits;

l. Awarding Zest treble damages resulting from Preat's willful and intentional conduct pursuant to 15 U.S.C. § 1117;

m. Awarding Zest punitive and exemplary damages as permitted by California law;

n. Assessing Zest's costs of this action and Zest's attorneys' fees against Preat pursuant to 15 U.S.C. § 1117 and California law; and

1      o. Ordering or awarding any other such relief that the Court deems just and

2          proper.

3   DATED: March 6, 2026                    PROCOPIO, CORY, HARGREAVES &
                                            SAVITCH LLP
4

5

6                                           By:  /s/ Benjamin Herbert
                                                 Melinda Morton
7                                                Jacob Poorman
                                                 Benjamin Herbert
8
                                                 Attorney for Plaintiffs
9                                                Zest IP Holdings, LLC, and
                                                 Zest Anchors, LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28